**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CATRINA L. GRIFFIN,

       Plaintiff,

v.

CASE NO. 2:15-cv-13715

HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____ /

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION; GRANTING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT; AND REMANDING TO THE
COMMISSIONER FOR FURTHER CONSIDERATION**

**I.   INTRODUCTION**

Before the Court are Plaintiff Catrina L. Griffin's objections to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 21). Magistrate Judge R. Steven Whalen considered the parties' cross motions for summary judgment and, on February 2, 2017, entered an R&R. (Doc. 20). In the R&R, Magistrate Judge Whalen recommended that the Court grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. For the reasons that follow, the Court **ADOPTS IN PART** the R&R, **GRANTS IN PART** Plaintiff's Motion for Summary Judgment (Doc. 14), **DENIES** the Commissioner's Motion for Summary Judgment (Doc. 18), and **REMANDS** to the Commissioner for further consideration.

**II.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 20, pp. 1-17).

**III.   STANDARD OF REVIEW**

    **A.  Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

  The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

    **B. Standard of Review Applicable to Social Security Cases**

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

    **A. Absenteeism**

Plaintiff contends that the Magistrate Judge inadequately considered whether Plaintiff would be capable of working on a "regular and continuing basis," given Plaintiff's excessive absenteeism due to her frequent medical treatments. Plaintiff includes a table of the dates and durations of her medical treatments between March 26, 2012 and May 30, 2013, reflecting that that over this fourteen-month period, she would have been absent from work 51 days. (Doc. 21, pp. 2-6). It is unclear whether Plaintiff is arguing that she was disabled during this fourteen-month period only or whether a similar treatment schedule presently keeps her from working. In either case, Plaintiff's argument warrants remand to the Commissioner for further consideration.

The R&R does not discuss whether Plaintiff's treatment schedule kept her from engaging in work on a "regular and continuing basis," as Plaintiff did not expressly raise this argument before the Magistrate Judge. Rather, Plaintiff argues more generally in her Motion for Summary Judgment that the ALJ failed to consider whether Plaintiff had the physical capacity to sustain work for a continuous twelve-month period before or after a treating physician Hazem Eltahawy, M.D.'s December 2009 opinion that her condition had improved. (Doc. 14, pp. 9-10). The R&R concluded, based on a review and discussion of the record, that "none of the medical records suggests that Plaintiff was unable to perform a limited range of sedentary work for a period of 12 months or more." (Doc. 20, p. 23). Because Plaintiff's present argument relating to her medical appointments was not expressly presented to the Magistrate Judge, the Court notes that the R&R contains no error. The Court declines to determine that Plaintiff waived her right to assert this argument by not presenting it before the Magistrate Judge – though she did not make her argument explicitly, at least two medical opinions

4

referenced in her briefing mention her need to miss work. (Doc. 14, pp. 8, 13). Additionally, because Plaintiff expressly made this argument before the Appeals Council, this is not the first time the Commissioner has confronted it. (See Tr. 521). Accordingly, the Court considers this argument *de novo.*

According to Social Security Ruling 96-8p, an ALJ assesses a claimant's residual functional capacity ("RFC"), or the claimant's ability to perform "sustained work-related physical and mental activities in a work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule." In making this determination, the Commissioner must take into consideration "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." Absenteeism due to the frequency of treatment is a relevant factor so long as the treatment is medically necessary and concerns the conditions on which the disability claim is founded. See Harrison v. Comm'r of Soc. Sec., No. 14-CV-11983, 2016 U.S. Dist. LEXIS 23491, at *19-20 (E.D. Mich. Feb 26, 2016); Hartman v. Colvin, 954 F. Supp. 2d 618, 626 (W.D. Ky. 2013); Robinson v. Astrue, No. 1:10-CV-689, 2011 U.S. Dist. LEXIS 144546, at *17-18 (S.D. Ohio Dec. 14, 2011).

Here, the medical treatments referenced in Plaintiff's objection brief are relevant to the conditions she claims to be disabling. In Robinson, the court found there to be no evidence that the treatment would require the plaintiff to miss a full day of work, in light of the plaintiff's admission that her physical therapy and occupational therapy sessions lasted no more than an hour. 2011 U.S. Dist. LEXIS 144546, at *19. In the present case, however, Plaintiff claims that each physical therapy session, mental health

counseling session, pain clinic visit, and doctor appointment would have required her to miss a half day of work.  The record contains no objective indication regarding how long each of Plaintiff's treatments lasted.  In Hartman, although the record demonstrated the claimant would have missed 77 days of work over a nineteen-month period, the ALJ failed to "directly speak to the question of medically necessary, but otherwise excessive, absenteeism and its impact on Hartman's ability to perform substantial gainful activity." 954 F. Supp. 2d at 631, 645.  Because there were no findings to evaluate, the Court found remand appropriate.  Id. at 645.  Likewise, given the lack of contradictory evidence and lack of discussion by the ALJ regarding Plaintiff's absenteeism, the Court is unable to find that the conclusions made by the ALJ are supported by substantial evidence.  The Commissioner's argument that Plaintiff has cited no record evidence regarding her absenteeism is without merit in light of the list of treatment sessions documented in the record.  Accordingly, remand is warranted for consideration of whether the frequency of Plaintiff's medically necessary treatment is work-preclusive both during the closed period between March 26, 2012 and May 30, 2013, and until the date of the ALJ's March 28, 2014, decision.

### B.  Weighing of Medical Opinions

Plaintiff's second objection challenges the ALJ's decision to afford little weight to several treating source opinions that would be work preclusive.  For example, on December 17, 2013, Plaintiff's treating neurologist, Dr. Eltahawy, opined that six months post-surgery,  Plaintiff was "unlikely to return to [the] workforce," as she would likely be off task 20% of the workday and would miss five days of work per month.  (Tr. 995-96, 1133).  Likewise, on October 18, 2013, Plaintiff's treating physician Latisha Malcolm,

M.D., determined that Plaintiff was permanently unable to work and required professional assistance with personal care. (Tr. 871). The R&R acknowledged these and similar treating source opinions, and found that the ALJ's conclusion that these opinions stood grossly at odds with the treatment records was supported by substantial evidence. (Doc. 20, pp. 21-22). Specifically, the R&R states:

> In December, 2009 Dr. Eltahawy, noting that Plaintiff's reports of ongoing pain were supported by only mildly abnormal studies, found that she was capable of lifting 10 pounds (Tr. 1217). Significantly, mental health records from the same month note that Plaintiff denied physical problems (Tr. 604). Dr. Eltahawy's September, 2010 and January, 2011 records note full muscle strength in all extremities (Tr. 728, 738). August, 2011 records note a normal range of motion (Tr. 992). While Plaintiff claimed that she required the constant use of a cane, October, 2013 records show that she was lifting boxes at the time of an injury (Tr. 898). A neurological examination was normal (Tr. 898). Despite Plaintiff's claim of disabling pain, she declined a November, 2013 offer to change her pain medication, stating that she "like[d] her curent [sic] regimen" (Tr. 939).
>
> Dr. Latisha Malcolm's multiple statement[s] that Plaintiff was disabled due to physical and mental impairments and medication side effects is flatly contradicted by her own treating records: no acute distress (August, 2008); unremarkable physical examination (September, 2009); no fatigue, normal physical examination (January, 2010); normal motor skills (February, 2011); no medication side effects (March, 2011); normal concentrational abilities (May, 2011); memory problems denied (June, 2011); normal motor function, alert, fully oriented, despite allegations of poor memory (December, 2011) (Tr. 584-586, 592, 646, 649, 708-709, 717, 722, 792, 800, 1053, 1056, 1269). Dr. Malcolm's January, 2012 opinion that Plaintiff was disabled due to medication side effects, based solely on Plaintiff's December, 2011 claim of grogginess, is undermined by numerous records showing a normal mood and effect (Tr. 814).

(Id.).

Plaintiff's objection with respect to this matter does not identify any specific error made in the R&R but rather rehashes the same argument presented before the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate

7

Judge's recommendation.  See, e.g., Owens v. Comm'r of Soc. Sec., No 1:12-47, 2013 U.S. Dist. LEXIS 44411 (W.D. Mich. Mar. 28, 2013) ("Plaintiff's objections are merely recitations of the identical arguments that were before the magistrate judge.  This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations."); Davis v. Caruso, No. 07-10115, 2008 U.S. Dist. LEXIS 13713, at *5 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where Plaintiff "merely rehash[ed] his arguments" made before the Magistrate Judge).  Accordingly, remand is not warranted on this ground.

## V.  CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the R&R, **GRANTS IN PART** Plaintiff's Motion for Summary Judgment, **DENIES** the Commissioner's Motion for Summary Judgment (Doc. 18), and **REMANDS** to the Commissioner for further consideration.

**IT IS SO ORDERED.**

Date:  March 15, 2017                          s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 15, 2017.

                                               s/ Kay Doaks
                                               Case Manager